1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL MONEY MANAGEMENT, | CASE NO. 06cv34 BTM (WMc) |
| Plaintiff, | **ORDER (1) GRANTING MOTION FOR ASSIGNMENT ORDER; (2) GRANTING MOTION FOR ORDER CHARGING INTEREST; (3) DENYING MOTION FOR PRODUCTION; AND (4) GRANTING IN PART AND DENYING IN PART CLAIM FOR EXEMPTIONS** |
| vs. | |
| STEVEN B. McDONNOLD, | |
| Defendant. | |

Plaintiff/Judgment Creditor Global Money Management ("GMM") here moves for an Order Charging Interest and Production of Books and Records Against Defendant/Judgment Debtor Steven B. McDonnold ("McDonnold") [Docket No. 52]. GMM additionally moves for an Assignment Order [Docket No. 51]. McDonnold has also filed a Motion Asserting Claim of Exemptions [Docket No. 62]. For the reasons explained below, the Court **GRANTS** Plaintiff's Motion for an Assignment Order and **GRANTS** Plaintiff's Motion for an Order Charging Interest. The Court **DENIES** Plaintiff's Motion for Production of Books and Records. Lastly, the Court **GRANTS in part** and **DENIES in part** the Defendant's Claim of Exemptions.

## I. BACKGROUND

On or about March 11, 2004, the Securities and Exchange Commission filed a Complaint against GMM in the Southern District of California. (Sampson Decl. ¶ 7.) The Court appointed Charles LaBella the receiver for GMM. (Id.)

1   On or about March 13, 2004, LaBella caused GMM to file a voluntary Chapter 11
2   bankruptcy petition with the United States Bankruptcy Court in the Southern District of
3   California.  (Sampson Decl. ¶ 8.) GMM initiated several bankruptcy adversary proceedings,
4   including one against McDonnold. (Sampson Decl. ¶ 9.)

5   On March 27, 2006, this Court granted McDonnold's motion to withdraw the reference
6   [Docket No. 6].

7   On February 27, 2008, the Court granted partial summary judgment in Plaintiff's favor.
8   The Court denied Defendant's motion for summary judgment.

9   On June 24, 2008, the parties filed a stipulation for judgment in the amount of
10  $2,063,314.00.  The Court entered judgment in favor of Plaintiff against Defendant in the
11  amount of $2,063,314.00 on July 9, 2008.

12  On April 13, 2009, Plaintiff filed (1) a Motion for Assignment Order and (2) a Motion
13  for an Order Charging Interest and Production of Books and Records.  On May 22, 2009,
14  Defendant filed Oppositions to both Motions.  On May 29, 2009, Plaintiff filed Replies as to
15  both Motions.

16  On June 2, 2009, Defendant filed a Motion Asserting Claim of Exemptions.  Plaintiff
17  filed Objections to this Motion on June 4, 2009.  On June 10, 2009, Defendant filed a Reply.

18  On June 26, 2009, Defendant filed a Consolidated Sur-Reply to Plaintiff's Motion for
19  an Assignment Order and Plaintiff's Motion for an Order Charging Interest.

20

21  **II.  <u>DISCUSSION</u>**

22  The Court considers together Plaintiff's Motion for Assignment Order, Plaintiff's Motion
23  for an Order Charging Interest and Production of Books and Records, and Defendant's
24  Motion Asserting Claim of Exemptions.  GMM claims that McDonnold has failed and/or
25  refused to pay any monies on the judgment entered by the Court on July 9, 2008.  GMM
26  brings its Motions to secure payment of the judgment.  Defendant filed a Claim of
27  Exemptions to exempt certain income from assignment.

28

A.    Motion for an Assignment Order

Plaintiff moves for an assignment order pursuant to Federal Rule of Civil Procedure 69(a) and California Civil Procedure Code § 708.510.  Section 708.510(a) states:

> Except as otherwise provided by law, upon application of the judgment creditor on noticed motion, the court may order the judgment debtor to assign to the judgment creditor  . . . all or part of a right to payment due or to become due, whether or not the right is conditioned on future developments.

Plaintiff seeks an order requiring Defendant to assign his potential interest in: (1) payments now due or to become due to him from any services provided to the Stanley (2003) Limited Partnership (the "Stanley (2003)") or contractual agreements with third party Power Air Corporation (formerly known as Fortune Partners, Inc.); (2) payments in any money or property now due or to become due to him as a discretionary beneficiary of the Stanley Trust; and (3) payments now due or to become due in accounts receivables, royalties, bonus plans, stock options, stocks, bonds, insurance proceeds severance payments, deferred compensation, and/or contract receivables due him from third party Stewart Industries, Inc. Plaintiff also asks the Court to direct third parties served with notice to pay any and all monies due under its proposed assignment order directly to Plaintiff's counsel.

Defendant opposes Plaintiff's Motion for an Assignment Order on two grounds.  First, Defendant argues that the Court may not exercise jurisdiction over him for collection purposes since he is not a resident of California and the properties as to which Plaintiff seeks an assignment of rights to payment are located outside of California.  Second, Defendant contends that the Plaintiff's proposed order improperly seeks to compel nonresident third parties to perform certain acts.  Defendant also claims that he has no present or future rights to payment from the Stanley Trust.

As explained in more detail below, the Court first finds that it may exercise personal jurisdiction over Defendant and compel him to act in relation to his nonresident properties. Second, the Court determines that it does not have jurisdiction to directly require nonresident third parties to perform certain acts.   Third, the Court applies Section 708.510(c) and finds it appropriate to assign Defendant's rights to any payments from the Stanley (2003) Limited,

3

1  the Stanley Trust, and Stewart Industries, Inc. to Plaintiff.

2

3       1.    Jurisdiction over Defendant

4       Defendant argues that the Court may not exercise personal jurisdiction over him

5  because he does not reside in California and Plaintiff seeks to assign his rights to out-of-state

6  property.

7       Federal Rule of Civil Procedure 69 governs the enforcement of final judgments in

8  federal court.  Rule 69(a)(1) provides:

9       A money judgment is enforced by a writ of execution, unless the court directs
        otherwise.  The procedure on execution – and in proceedings supplementary
10      to and in aid of judgment or execution – *must accord with the procedure of the
        state where the court is located*, but a federal statute governs to the extent it
11      applies.  Id. (emphasis added).

12      Plaintiff seeks to enforce the money judgment against Defendant through an

13  assignment order pursuant to California Civil Procedure Code § 708.510.  Because Plaintiff's

14  Motion for an Assignment Order takes place in the context of proceedings in aid of the

15  judgment in its favor, Rule 69 directs the Court to act in accordance with the procedure of the

16  state where it is located, California.  See also Duchek v. Jacobi, 646 F.2d 415, 416 (9th Cir.

17  1981).  Thus, the Court rejects Defendant's initial contention that California procedure should

18  not apply.

19      Furthermore, the Court may exercise personal jurisdiction over McDonnold himself to

20  enforce its judgment through an assignment order.  Throughout this case, McDonnold never

21  challenged the Court's personal jurisdiction over him.  Thus, McDonnold waived any defect

22  in personal jurisdiction.  See Fed. R. Civ. P. 12(h)(1).

23      Additionally, the Court may require a judgment debtor subject to personal jurisdiction

24  of the Court to assign his rights to payment to a judgment creditor, even if the assignable

25  property is located outside of California.  See Ahart, Cal. Prac. Guide: Enforcing Judgments

26  and Debts § 6:1435 (The Rutter Group 2009); see also Hardy v. Hardy, 164 Cal. App. 2d 77,

27  79 (1958) (while the court of one state cannot *directly affect title* to property in another state,

28  it can, through its coercive powers, compel a party before it to act in relation to property not

4                                              06cv34 BTM (WMc)

1    within its territorial jurisdiction).  Thus, the Court is not deprived of jurisdiction because the

2    property to which Plaintiff seeks Defendant's rights through assignment is located outside of

3    California.

4         The cases McDonnold relies on to argue that the Court cannot reach his property

5    through assignment are inapposite.  All of the cases Defendant cites involve actions in which

6    a party sought to directly affect title to his opponent's or a third party's property located

7    outside of the court's jurisdiction.  None of the cases he relies upon involve an assignment

8    order to a defendant already subject to the court's personal jurisdiction.  Aschkar & Co. v.

9    Curtis, 327 F.2d 306 (9th Cir. 1963) was a pre-judgment case, focusing on whether the

10   nationwide service of process provision in the Securities and Exchange Act, 15 U.S.C. §

11   78aa, also conferred upon the district court the ability to reach property and debts beyond

12   its territorial limits through a writ of attachment.  Unlike Aschkar, the Court has already

13   entered judgment  in this case and Plaintiff does not seek a writ of attachment.  Moreover,

14   the Plaintiff does not request the Court to directly affect title to Defendant's nonresident

15   assets.  Plaintiff only asks the Court to order Defendant to act in relation to his nonresident

16   assets.

17        The other cases Defendant cites are equally inapplicable.  In In re McAllister, 216 B.R.

18   957, 960 (Bankr. N.D. Ala. 1998), the plaintiff sought a writ of garnishment against a non-

19   resident third party *not* subject to the Court's personal jurisdiction, dissimilar to Defendant

20   here.  In re Curtina Int'l, 15 B.R.  993 (Bankr. S.D.N.Y. 1981) concerned an ongoing

21   adversary proceeding in which a bankruptcy trustee sought attachment of the defendant's

22   extraterritorial property.  In re Jacobs, 2000 WL 34556844 (Bankr. C.D. Ill. Nov. 11, 2000)

23   involved the appropriate method of service of process of a citation to discover nonresident

24   assets of a judgment debtor.  Apostolic Pentecostal Church v. Colbert 169 F.3d 409 (1999)

25   also only dealt with the appropriate service of process rules for a writ of garnishment.  In

26   short, none of the cases Defendant attempts to rely on are analogous or relevant to the

27   situation here.

28        The Court also finds 28 U.S.C. § 1963 inapposite.  Section 1963 allows registration

of a judgment in another district, so that the judgment may be enforced as a local judgment there.  Section 1963 is only one method by which a judgment creditor may enforce a judgment against a nonresident judgment debtor.  Plaintiff has not sought to register this Court's judgment in any other state.  Thus, Section 1963 does not apply here.

Rather, Plaintiff only seeks to compel Defendant to act in relation to his property outside this District.  Because the Court has personal jurisdiction over Defendant in this matter, the Court  has "the power to affect out-of-state property by means of decree, based on personal jurisdiction over the parties, which determines the parties' personal rights or equities in that property."  UMG Recordings, Inc. v. BCD Music Group, Inc., 2009 WL 2213678, at * 4 (C.D. Cal. July 9, 2009) (quoting Legion for the Survival of Freedom, Inc. v. Liberty Lobby, Inc., 2003 WL 22922960, at *4 (Dec. 11, 2003)).  "[A] court having the parties before it can, in a proper case, through its coercive powers, compel them to act in relation to property not within the territorial jurisdiction of the court." Hardy v. Hardy, 164 Cal. App. 2d 77, 79 (1958).

Therefore, Court does not find it is without jurisdiction to order defendant to assign his rights to property outside of California.  The Court possesses the authority to order Defendant to assign his rights to payments from nonresident property.

2.    Jurisdiction Over Third Parties

Defendant alternatively argues that the Court lacks jurisdiction to require nonresident third parties to pay Plaintiff directly, as Plaintiff proposes.  As explained above, the Court may order Defendant, over whom it has personal jurisdiction, to assign his rights to payments from nonresident third parties.  The Court agrees with Defendant, however, that it may not compel acts by third parties over whom it does not have personal jurisdiction. The Court can only order McDonnold to assign his rights in and to the property or payments.  If the third parties do not make payment to GMM, Plaintiff will have to bring an action against them in a court that has personal jurisdiction over them.  If the third parties continue to pay McDonnold after the assignment and notice thereof, they may be required by a court of

proper jurisdiction to pay the same amounts to GMM.  Thus, they would act at their own peril.
McDonnold would, in any event, be obligated by law to forward such payments he received
to GMM.

### 3.   Application of Section 708.510(c) to Defendant

District Courts have discretion to consider several factors in determining whether to
grant a motion for assignment, including "(1) the reasonable requirements of a judgment
debtor who is a natural person . . . (2) [p]ayments the judgment debtor is required to make
or that are deducted in satisfaction of other judgments and wage assignments, including
earnings assignment orders for support; (3) [t]he amount remaining due on the money
judgment; and (4) [t]he amount being or to be received in satisfaction of the right to payment
that may be assigned."  Cal. Civ. P. Code § 708.510(c).

Defendant only raises arguments related to the first factor.  Specifically, Defendant
claims that the income he receives from Stewart Industries, Inc. is exempt as "earnings."
Additionally, Defendant contends that because his expenses exceed his income from all
sources, the Court should not grant assignment to any of his rights to payment.

A judgment debtor may claim that all or part of a right to payment is exempt from
enforcement of a money judgment through an assignment order.  Cal. Civ. P. Code §
708.550(a).  The claim of exemptions is deemed controverted by the notice of opposition to
the claim of exemption. Cal Civ. P. Code § 703.580(c).  The judgment debtor has the burden
of proving his claim of exemptions.  Cal Civ. P. Code § 703.580(b).

When a court assigns "earnings," the amount of the earnings assigned shall not
exceed the amount that may be withheld from a like amount of earnings under the California
Wage Garnishment Law.   Cal. Civ. P. Code § 708.510(e).  Pursuant the  California Wage
Garnishment Law, a judgment debtor may exempt "the portion of the judgment debtor's
earnings which the judgment debtor proves is necessary for the support of the judgment

1   debtor." Cal. Civ. P. Code § 706.051(b).[1]  Defendant claims monthly "earnings" from Stewart

2   Industries, Inc., in the amount of $3,700.00 and expenses of $4,060.00.  Because his

3   expenses exceed the amount of his "earnings," Defendant asks the Court to exempt all of his

4   income from Stewart Industries, Inc.

5        The Court agrees with Plaintiff that Defendant has failed to meet his burden of proving

6   that his income from Stewart Industries qualifies as "earnings" such that it is subject to

7   exemption under Sections 708.510(e) and 706.051(b).   "Earnings" are defined as

8   "compensation payable by an employer to an employee for personal services performed by

9   such employee, whether denominated as wages, salary, commission, bonus, or otherwise."

10  Cal. Civ. P. Code § 706.011(a).  An "employee" means "a public officer and any individual

11  who performs services subject to the right of the employer to control both what shall be done

12  and how it shall be done."  Cal. Civ. P. Code § 706.011(c).  Other courts have determined

13  that income earned by a self-employed professional or independent contractor does not

14  qualify as "earnings" subject to exemption.  See Moses v. DeVersecy, 157 Cal. App. 3d 1071,

15  1074 (1984) (self-employed accountant could not claim earnings exemption); Transportation

16  Mgmt. & Consulting, Inc. v. Black Crystal Co., Inc., 2008 WL 205592, * 2 (N.D. Cal. Jan. 24,

17  2008) (solo practitioner could not claim earnings exemptions); Matter of Moriarty, 27 B. R.

18  73, 74 (Bankr. M.D. Fla. 1983) (licensed real estate agent was an independent contractor

19  who could not claim earnings exemption).  Defendant admits that he is an independent

20  contractor and has not demonstrated that he was subject to the control of Stewart Industries,

21  Inc.  Moreover, his financial statement indicates that no taxes have been withheld from his

22  income from Stewart Industries.  See Moriarty, 27 B. R. at 74 (noting that no withholding or

23  social security taxes were deducted from independent contractor's checks, nor did the

24  alleged employer pay unemployment taxes on the alleged earnings).  Thus, the Court finds

25  that Defendant has not met his burden to demonstrate that his income from Stewart

26

27  _____

28  [1]    Section 706.051(b) also allows for the exemption of earnings necessary to
    support a judgment debtor's dependants.  Defendant has no dependants.

1   Industries, Inc. qualifies for an earnings exemption under Sections 708.510(e) and
2   706.051(b).

3      Nevertheless, the Court may still consider his reasonable requirements for supporting
4   himself when determining the amount of an assignment.   Cal. Civ. Pro. Code §
5   708.510(c)(1).   Thus, the Court finds it appropriate to deduct from Defendant's assigned
6   payments his monthly expenses of $4,060.00 as set forth in his financial statement.

7      As to the second factor that the Court may consider in determining whether to grant
8   assignment, Defendant has not presented any evidence of other payments, judgments, or
9   wage assignments he is required to make.   Therefore, this factor weighs in favor of
10   assignment.

11      The third and fourth factors also favor the Court granting assignment.   Although
12   Defendant claims that he has offered "to make payments in Settlement of the Judgment,"
13   (McDonnold Decl. in Support of Opp. to Mot. for Assign. Order ¶ 3), Plaintiff avers that he
14   has "failed and/or refused to pay any moneys toward the District Court judgment" (Sampson
15   Decl. in Support of Mot. for Assign. Order ¶15).   The Court has no evidence before it, other
16   than Defendant's declaration, to suggest that any payments have been made toward the
17   judgment.

18      The Court also rejects Defendant's contention that it cannot assign any interest he
19   holds in the Stanley Trust because he is now an "excluded person" under the Trust.   Plaintiff
20   has provided the Court with the original Trust Deed, listing Steven McDonnold and Joyce
21   McDonnold[2] as discretionary beneficiaries of the Stanley Trust.   In his Opposition, however,
22   Defendant attaches an order of the Belize Supreme Court purporting to classify him as an
23   excluded person.   (McDonnold Decl. in Support of Exemption Claim, Ex. 1.)   Based on the
24   record before it, the Court cannot determine whether payments are presently due, or will ever
25   become due in the future to McDonnold from the Stanley Trust.   Nevertheless, the Court may

26

27       [2]   Defendant avers that Joyce McDonnold is his mother, not his wife, as stated
28   in Plaintiff's Motion.

06cv34 BTM (WMc)

1  still grant Plaintiff's motion.  If, in fact, Defendant is an excluded person under the Stanley

2  Trust, he simply will have no rights to payments to assign.  On the other hand, if payments

3  are now due to Defendant from the Stanley Trust, or become due to him in the future, he

4  must assign his rights to those payments to Plaintiff or risk being held in contempt of court.

5  The Court notes that Plaintiff disputes the veracity of Defendant's statements

6  regarding his income from Stewart Industries, Inc. and the Stanley Trust.  The Court cannot

7  determine this issue based on the record before it.  Plaintiff may seek to accurately

8  determine Defendant's income from these sources using any appropriate post-judgment

9  discovery method.

10  Accordingly, the Court **GRANTS** Plaintiff's Motion for an Assignment Order and

11  **ORDERS** the relief set forth in the Conclusion of this Order.  The Court **GRANTS in part** and

12  **DENIES in part** Defendant's Claim of Exemptions.

13

14  B.    Motion for Order Charging Interest and Production of Books and Records

15  Plaintiff also moves for an order charging interest pursuant to Rule 69(a) and Cal. Civ.

16  P. § 708.310.  The Court again rejects Defendant's contention that the Court may not apply

17  California procedures governing the enforcement of judgments to him.  The Court has

18  personal jurisdiction over McDonnold and Rule 69(a) specifically directs that the Court

19  enforce the judgment in accord with the law of the state in which it is located.  The cases

20  McDonnold relies upon are inapplicable for the reasons set forth above.

21  California Section 708.310 provides for orders charging interest:

22  If a money judgment is rendered against a partner but not against the
   partnership or limited liability company, the judgment debtor's interest in the
23  partnership or limited liability company may be applied toward the satisfaction
   of the judgment by an order charging the judgment debtor's interest pursuant
24  to Section 15673, 16504, or 17302 of the Corporations Code.

25  The Court entered a money judgment against McDonnold, who admits that he is the

26  general partner of the Stanley (2003) Limited Partnership (the "Stanley (2003)"), a Delaware

27  limited partnership.  (McDonnold Decl. in Opp. to Pl.'s Mot. for Charging Order ¶ 6.)  Plaintiff

28

06cv34 BTM (WMc)

argues that Defendant's interest in the Stanley (2003) may be applied toward the satisfaction of the judgment by an order charging Defendant's interest pursuant to Section 15673 of the Corporations Code ("Section 15673").  Section 15673 provides:

> On application to a court of competent jurisdiction by any judgment creditor of a partner, the court may charge the limited partnership interest of the partner with payment of the unsatisfied amount of the judgment with interest.  To the extent so charged, the judgment creditor has only the rights of an assignee of the limited partnership interest.  This chapter does not deprive any partnership of the benefit of any exemption laws applicable to the partner's limited partnership interest.

Defendant submits that Plaintiff may charge his interest in the Stanley Limited Partnership pursuant to Section 15673.  Defendant only argues that Plaintiff may not, through the charging order, (1) prohibit the Stanley (2003) from making loans; (2) prohibit the Stanley (2003) from making capital acquisitions without the approval of Plaintiff or the Court; (3) prohibit the Stanley (2003) from consummating any sale, encumbrance, hypothecation, or modification of any interest without the approval of Plaintiff or the Court;  (4) require the Stanley (2003) to supply to Plaintiff copies of its tax returns, balance sheets, and profits and loss statements; or (5) require the Stanley (2003) to supply to Plaintiff all future statements reflecting the cash position, balance sheet position, and profits and loss until the judgment is paid in full including allowable interest and costs.  Defendant contends that these provisions of Plaintiff's proposed order go beyond "the rights of an assignee of the limited partnership interest," as directed by Section 15673.  Defendant points to California Corporations Code § 15519, which governs the assignment of interest in a limited partnership.  Section 15519(3) provides:

> An assignee . . . has no right to require any information or account of the partnership transactions, to inspect the partnership books, or to vote on any of the matters to which a limited partner would be entitled to vote . . .; he is only entitled to receive the share of the profits or other compensation by way of income, or the return of his contributions, to which his assignor would otherwise be entitled.

Plaintiff responds that California Corporations Code § 15627(e) ("Section 15627") permits the Court to order production of the Stanley (2003)'s books and records.  The Court disagrees.  Section 15627(e) only allows courts to order the production of the books and

1   records of a partnership formed under California law.[3]  The Stanley (2003) was formed under

2   Delaware, not California, law.  (Pl.'s Mot. for Order Charging Interest, Ex. 3 at ¶ 1.1.)  The

3   choice of law provision in the Stanley (2003) Limited Partnership Agreement merely indicates

4   that the Agreement itself should be interpreted according to the laws of California.

5          Therefore, the Court finds that Section 15673 and Section 15519(3) together permit

6   the Court to charge only Plaintiff's interest in the Stanley (2003).  Plaintiff may seek to

7   accurately determine Defendant's interest in the Stanley (2003) through any other

8   appropriate post-judgment discovery methods.

9          The Court **GRANTS** Plaintiff's Motion for an Order Charging Interest, **DENIES**

10  Plaintiff's Motion for Production of Books and Records, and **ORDERS**  the relief set forth

11  below in the Conclusion of this Order.

12

13                              **III.  CONCLUSION**

14          For the reasons explained above, the Court **GRANTS** Plaintiff's Motion for an

15  Assignment Order, **GRANTS** Plaintiff's Motion for an Order Charging Interest, and **DENIES**

16  Plaintiff's Motion for Production of Books and Records.  The Court **GRANTS in part** and

17  **DENIES in part** Defendant's Claim of Exemptions.

18          The Court hereby **ORDERS** that the following rights to payment to Defendant Steven

19  B. McDonnold be, and hereby are, assigned to Plaintiff GMM, in care of Sampson &

20  Associates, attn. Bryan D. Sampson, 2139 First Ave., San Diego, CA 92101, until such time

21  as the judgment herein is fully satisfied or this Order is amended.  Defendant/Judgment

22  Debtor Steven McDonnold should pay any and all moneys due and owing under this order

23  to "Sampson & Associates, Client Trust Account" at 2139 First Ave., San Diego, CA 92101

24

25          _____

26          [3]      "In addition to any other discovery rights which may exist, in any case pending
    in a California court having jurisdiction in which a party seeks records from a partnership
    *formed under this chapter,* whether or not the partnership is a party, the court shall have the

27  power to order the production in California of the books and records of the partnership on the
    terms and conditions that the court deems appropriate."  Cal. Corp. Code § 15627(e)

28  (emphasis added).

to be applied to the judgment until such judgment is fully satisfied or this order is amended. This assignment order covers:

1.  "Any and all rights to any interest or payment now due or to become due in the future to Defendant Steven B. McDonnold in any money or property due him from any services provided by Defendant to Stanley (2003) Limited; and contractual agreements with third party Power Air Corporation (fka Fortune Partners, Inc.);

2.  "Any and all rights to any interest or payment now due or to become due in the future to Defendant Steven B. McDonnold in any money or property due him as a discretionary beneficiary of the Stanley Trust; and

3.  "Any and all rights to any interest or payment now due or to become due in the future to Defendant Steven B. McDonnold in accounts receivable, commissions, royalties, bonus plans, stock options, stocks, bonds, insurance proceeds, severance payments, deferred compensation, and/or contract receivables due to him from third party Stewart Industries, Inc."

Defendant may exclude up to $4,060.00 per month from his payments.

The Court further **ORDERS** that any and all interests of Defendant Steven B. McDonnold in the limited partnership "Stanley (2003) Limited" is hereby charged with the unpaid balance of the judgment entered in this matter in favor of Plaintiff GMM and against Defendant/Judgment Debtor McDonnold, until the amount remaining due on the judgment, plus all accrued interest and allowable costs thereon, are paid in full. Defendant/Judgment Debtor McDonnold shall pay any and all monies or property due, or to become due in the future, to him from "Stanley (2003) Limited" directly to the attorney for Plaintiff at "Sampson & Associates, Client Trust Account," 2139 First Ave., San Diego, CA 92101, telephone number (619) 557-9420, fax number (619) 557-9425, email bsampson@sampsonlaw.net until the amount remaining due on the judgment, plus all accrued interest and allowable costs thereon, are paid in full.

06cv34 BTM (WMc)

Defendant/Judgment Debtor McDonnold shall take all necessary actions and execute appropriate written assignments to effect this Order. Failure to comply with this Order shall be treated as a contempt of court.

**IT IS SO ORDERED.**

DATED:  October 15, 2009

Honorable Barry Ted Moskowitz
United States District Judge

06cv34 BTM (WMc)